IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSEPH L. KAUFFMAN and KIMBERLY K. KAUFFMAN,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS; TRANSUNION, LLC; and BANK OF AMERICA N.A. successor by merger to BAC HOME LOANS SERVICING, LP,<br><br>Defendants. | CV 14-148-BLG-DLC-CSO<br><br>**ORDER** |

This action arises under the Fair Credit and Reporting Act between Plaintiffs Joseph L. Kauffman and Kimberly K. Kauffman ("Kauffmans") and Bank of America, N.A. ("BANA"). Now pending before the Court is a motion to allow depositions of five of BANA's employees, located in India, to be taken by telephone/video conference with a court reporter being present in Montana. *ECF 37*. Having considered the parties' arguments and submissions, the Court will deny the motion for the reasons set forth below.

## I. BACKGROUND

The Kauffmans have requested the depositions of five BANA employees located in Hyderabad, India. *ECF 38*. The employees are Venu Gopal Gangula, Surekha Edamakanti, Shirisha Ravula, Siva Sravan Kumar, and Bhaskar Molugu. *Id.* The Kauffmans represent that each of these employees "had a role in furnishing credit information about the Kauffmans or investigating the Kauffmans' credit disputes." *Id.* at 2.

## II. PARTIES' ARGUMENTS

The Kauffmans argue they should be entitled to depose the five employees located in India by telephone or video, with the court reporter located in Montana. *ECF 38* at 3–4. They argue the Court should modify Rule 28,[1] and allow the depositions to occur in this manner because: (1) the Kauffmans' attorney represents that he has previously deposed an India-based employee ("Morrow Deposition") in a separate case and did not have any problems or issues with the procedure previously, *ECF 38* at 4; and (2) it would be extremely cost-prohibitive to arrange for a court reporter in Hyderabad, India because

---

[1] References to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

none were found within Hyderabad and the cost of arranging for one to travel there would be several thousand dollars. *Id.*

In response, BANA argues that the Federal Rules of Civil Procedure require the court reporter to be located where the deposition is taking place, meaning with the deponent. *ECF 39* at 3. It argues that, under Rule 28, the court reporter must be competent to administer oaths in India and be present at the site of the deposition. *Id.* at 2–3.

Next, BANA argues that locating a court reporter in Hyderabad, India is not overly burdensome or difficult, especially because it is the sixth largest city in India. *Id.* at 5. It argues that even if it was costly, the Kauffmans have not shown that the cost is a proper factor to consider in deciding whether a deposition should occur at the location of the deponent. *Id.* at 6. It further argues that though the Plaintiffs assert the Morrow Deposition occurred successfully by video in a separate case, BANA found the deposition "to be of such poor quality, difficult to understand and prejudicial that it moved *in limine* to exclude it." *Id.* at 7.

## III. LEGAL STANDARD

Rule 30 provides that, "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4). Additionally, Rule 28(b)(1)(C) provides that depositions may be taken in a foreign country "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination[.]"

Some courts have found that the use of "before" in Rule 28(b) infers that the deponent must be located in the same place as the official administering the oath. *Phye v. Thill*, 2007 WL 2681106, at *1 (D. Kan. Sept. 7, 2007). *See also Menovcik v. BASF Corp.,* 2010 WL 4867408 (E.D. Mich. Nov. 23, 2010). In *Phye*, the court reasoned that this interpretation serves a valid purpose because the person administering the oath would be unable to reliably verify the deponent's identity prior to the deposition if they were not at the same location. *Id*. This is particularly important because the person administering the oath must not only verify the deponent's identity, but also be authorized

to administer oaths in the place where the deposition is held. *See* Rule 28(b)(1)(C), *Phye*, 2007 WL at *1 (citing *Loucas G. Matsas Salvage & Towage Mar. Co. v. M/T COLD SPRING I*, 1997 WL 102491, at *2 (E.D. La. Mar. 5, 1997)); *U.S. v. Ruiz-Castro*, 92 F.3d 1519, 1533 (10th Cir. 1996) *overruled on other grounds by U.S. v. Flowers*, 464 F.3d 1127 (10th Cir. 2006). The Commentary to Rule 28 states: "Although not without disagreement, most courts read Rules 28 and 30 together to require the officer administering the oath in a telephonic deposition to be physically present with the deponent rather than with the person conducting the deposition."

## IV. ANALYSIS

The issue before the Court is a narrow one. The parties do not dispute that the deponents may remain in India for their depositions, nor do they dispute that the depositions may be taken by remote means. The question before the Court is only whether the court reporter must be located with the deponents in India, or whether the court reporter may instead be located in Montana.

Though the Court has the power to modify the requirements of Rule 28 when special circumstance allow, the Kauffmans have not

demonstrated special circumstances sufficient to justify such an order. The Kauffmans cite cost as the main reason to modify the requirements of Rule 28 and Rule 30. *ECF 38* at 3–5. But while cost may be an important factor in deciding whether to allow depositions to be taken by remote means, the Court does not find it to be a compelling reason, under the facts as presented in this case, to deviate from the requirement that the court reporter be located with the deponent. There are five employees located in India, raising concerns regarding the ability for a Montana court reporter to give each deponent an oath valid in India, and to reliably verify each deponent's identity. In addition, BANA articulated concerns about the reliability and quality of a recording if the court reporter is not located in India. *ECF 39* at 6–7. The Kauffmans did not file a reply brief addressing BANA's arguments.

      Thus, the Court concludes that the Kauffmans have not demonstrated sufficient circumstances to justify altering the procedural requirements of depositions taken in a foreign country.

//

//

//

## V. CONCLUSION

Based on the foregoing, IT IS ORDERED that the Kauffmans' motion (*ECF 37*) is DENIED.

DATED this 16th day of October, 2015.

/s/ *Carolyn S. Ostby*  
United States Magistrate Judge